UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KELLY J. GANNON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16 CV 1 ACL |
| | ) | |
| BRADLEY K. BITTLE, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Complaint of Plaintiffs Kelly J. Gannon and Shane A. Matlock, individually and as Co-Executors of the Estate of Robert J. Matlock, on their state law medical malpractice action against Defendants Bradley K. Bittle, M.D., and Saint Francis Medical Center. Presently pending before the Court is Plaintiffs' Motion to Strike Affirmative Defenses. (Doc. 9.)

In their Motion, Plaintiffs request that the Court strike Defendants' first two affirmative defenses under Federal Rule of Civil Procedure 12(f) because they are insufficient as a matter of law. Specifically, Plaintiffs request that Defendants' statute of limitations affirmative defense should be stricken because the Complaint was brought within the applicable statute of limitations. Plaintiffs next argue that Defendants' contributory negligence affirmative defense should be stricken because Defendants have alleged no facts in support of that defense.

Rule 12(f) provides, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on a motion made by a party. The Court has broad discretion in resolving a motion to strike. *Stanbury Law Firm v.*

1

*Internal Revenue Serv.,* 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." *Speraneo v. Zeus Tech., Inc.,* 4:12–CV–578–JAR, 2012 WL 2117872, *1 (E.D. Mo. June 11, 2012) (citing *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.,* 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)). Motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm,* 221 F.3d at 1063 (internal quotation marks omitted). As other courts have observed, "'motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.'" *Shirrell v. St. Francis Med. Ctr.,* No. 1:13–CV–42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (quoting *Morgan v. Midwest Neurosurgeons, LLC,* No. 1:11–CV–37 CEJ, 2011 WL 2728334, *1 (E.D. Mo. July 12, 2011)); *see also Speraneo,* 2012 WL 2117872, at*1 (E.D. Mo. June 11, 2012) (quoting same).

"A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Speraneo,* 2012 WL 2117872, at *1 (quoting *Cynergy Ergonomics,* 2008 WL 2817106, at *2, and citing *Federal Deposit Ins. Corp. v. Coble,* 720 F. Supp. 748, 750 (E.D. Mo.1989)). In addition, "[a] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.; see also Shirrell,* 2013 WL 3457010, at *1.

In their motion, Plaintiffs offer brief arguments about why Defendants' defenses would be unsuccessful in this case. At this stage of the litigation, however, the Court cannot say that these affirmative defenses cannot succeed under any circumstances or are immaterial to Plaintiffs' claims for relief. Moreover, Plaintiffs have also not shown that failure to strike these defenses will prejudice them or will confuse the issues. Thus, Plaintiffs' Motion to Strike Affirmative Defenses will be denied. *See Shirrell,* 2013 WL 3457010, at *2; *Speraneo,* 2012 WL 2117872, at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 9) is **denied**.

/s/Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2016.